WALTER BOCHENEK, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Board of Review, Sally A. Ward, Director of the Department of Employment Security, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—0760

Opinion filed April 20, 1988.

James J. Kash, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Diane Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Walter Bochenek, had been employed for six years as a

shipper at Star Tubular (employer) when he was discharged for chronic absenteeism and tardiness. He filed a claim for unemployment compensation which was denied by a claims adjudicator. Plaintiff unsuccessfully appealed this denial before a referee, who affirmed the adjudicator's decision following a hearing. That decision was appealed by plaintiff to the Board of Review of the Department of Labor (Board), which affirmed the decision of the referee. Plaintiff then unsuccessfully sought administrative review (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 et seq.) of the Board's decision in the circuit court of Cook County. In this appeal, plaintiff now contends that the trial court erred in finding that the Board's decision was not against the manifest weight where the evidence of misconduct failed to show that his breach of company work rules was deliberate.

During the evidentiary hearing David Kopp, a representative for the employer, testified that plaintiff was discharged for chronic absenteeism, tardiness and leaving the work place early. Kopp added that disciplinary warnings had been issued to plaintiff over a three-stage period for 1½ years. On January 14, 1985, plaintiff was absent. On return he was warned that he had to improve his attendance. From that period of January 14, 1985, until the date of his discharge, there were 88 work days. Plaintiff was absent from work seven days during that period and was tardy nine times during a work period of 81 days. Kopp stated that the employer was a small company that could not afford absenteeism. Plaintiff had been unable to improve his attendance record, and on May 21, 1985, when plaintiff arrived at work 45 minutes late, he was given notice of termination.

Plaintiff, appearing *pro se*, testified that he had psychological problems and was under psychiatric care. His problems, *i.e.*, depression, delusions of grandeur and other anxieties, prevented him from promptly reporting to work, working a full day, or reporting to work. He suffered from fatigue because he was unable to sleep at night. Plaintiff could not recall why he was tardy on the day he was discharged. Plaintiff presented a statement from his doctor stating that plaintiff suffered from schizo-affective psychosis and was on medication. The doctor added:

> "I always wondered how he was able to keep his job for six years—due to his delusions of grandeur and persecution. I understand that he finally lost it. He should be occupied in a new appropriate position ***."

We must now consider plaintiff's contention that the trial court erroneously affirmed the Board's decision that he was guilty of intentional misconduct which disqualified him from receiving unem-

ployment compensation benefits. The function of a court on administrative review is not to reweigh the evidence but to determine whether the agency's decision was against the manifest weight of the evidence. (*Robinson v. Department of Labor* (1983), 118 Ill. App. 3d 986, 988, 455 N.E.2d 567.) Findings and conclusions of fact by the agency are considered *prima facie* true and correct. (*Neville v. Board of Review* (1986), 143 Ill. App. 3d 548, 551, 494 N.E.2d 512.) Employees who have been discharged for misconduct may be denied unemployment benefits. (*Gee v. Board of Review* (1985), 136 Ill. App. 3d 889, 895, 483 N.E.2d 1025.) Misconduct which disqualifies an employee from unemployment benefits includes acts of wanton or wilful disregard of the employer's interest, deliberate violation of employer's reasonable rules, disregard for the standards of behavior which an employer has the right to expect of his employee, and carelessness or negligence of such degree or recurrence as to manifest equal culpability and wrongful intent. *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 510-13, 475 N.E.2d 879.

■ Our review of the facts herein leads us to conclude that plaintiff's behavior constituted misconduct which disqualified him from receiving unemployment benefits. Plaintiff had been repeatedly warned that his chronic absenteeism and tardiness adversely affected his employer. However, plaintiff failed to improve his attendance. Although plaintiff was under psychiatric care for schizo-affective psychosis, his doctor's statement did not indicate that plaintiff's condition affected his attendance. The statement merely suggested that as a result of his discharge plaintiff should find more appropriate work. Plaintiff was aware of the need to improve his attendance. However, he failed to do so. His absenteeism and tardiness had reached such a degree of recurrence as to be considered misconduct that would disqualify him from receiving unemployment compensation.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and FREEMAN, JJ., concur.