MICHAEL S. WILSON, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants (John Fluke Manufacturing Company, Defendant).

First District (1st Division)   No. 1—89—0536

Opinion filed March 30, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellants.

Michael S. Wilson, of Des Plaines, appellee *pro se*.

JUSTICE MANNING delivered the opinion of the court:

Defendant, the Illinois Department of Employment Security, appeals from the judgment of the circuit court of Cook County which reversed its decision and found plaintiff, Michael Wilson, eligible for unemployment insurance benefits. Defendant contends that plaintiff was terminated for misconduct connected with his employment and is therefore ineligible for benefits.

Plaintiff was employed as a technician at the John Fluke Manufacturing Company (Fluke) from June 27, 1983, until his resignation on May 18, 1988. After resigning, he applied for unemployment insurance benefits stating that he had resigned to avoid being fired. Fluke contested plaintiff's eligibility. After interviewing plaintiff and the personnel manager of Fluke, a claims adjudicator determined that plaintiff had actually been terminated for poor performance instead of voluntarily leaving and was therefore eligible for benefits. Fluke sought a reconsideration, submitting a letter stating that plaintiff would have been fired if he had not resigned because he had been absent 386.25 hours in the past year and only 176 hours were taken as medical leave. Further, his work efficiency average for the last six months had dropped to 36% of what was expected. The claims adjudicator upon reconsideration did not change his prior decision and found that plaintiff had been discharged for poor work performance and absenteeism, but the situation was beyond plaintiff's ability or control.

On July 6, 1988, at a hearing before a referee, Fluke's personnel director testified that plaintiff had been absent from work on May 12, 13, 16, 17 and 18 of that year. Plaintiff had telephoned Fluke May 12 to request time off for both that day and the following day. Duane Smith, Fluke's service manager, testified that plaintiff did not call in on May 16, 17 or 18, but on May 18 he had telephoned plaintiff to find out where he was. Smith advised plaintiff he was going to be terminated, and plaintiff requested to resign instead. Plaintiff testified that he did not telephone his employer because he was too sick. However, he later testified that he had telephoned his doctor within the same three-day period.

The record indicates that Fluke's policy regarding days off requires an employee to notify the company of the intended absence by 9 a.m. that day. If the employee does not comply with the policy for three consecutive working days, he may be automatically terminated. The record also indicates that on May 9, 1988, plaintiff received a letter from Fluke warning him that his performance during the month of April was substandard and that his performance would have to improve or he might be terminated.

The referee ruled that the claimant's final absence was without notification to the employer and circumstances beyond his control did not exist to warrant such conduct. Accordingly, he ruled that plaintiff was discharged because of misconduct connected with his employment and was ineligible for unemployment insurance benefits.

The Board of Review (Board) affirmed the decision of the referee, although plaintiff had submitted a copy of an itemized telephone bill indicating that one-minute calls had been made to the employer in the afternoon of May 16 and May 17. The Board stated that plaintiff did not testify at the hearing that he telephoned the employer to notify him of his absence and that the evidence given at the hearing prevails.

On administrative review the circuit court of Cook County reversed the Board's decision as being contrary to the manifest weight of the evidence.

Defendant contends that plaintiff's unauthorized absences from work constituted misconduct connected with his work and plaintiff is therefore ineligible to receive unemployment insurance benefits.

■■■ In Illinois, the findings and conclusions of an administrative agency on questions of fact are to be held as *prima facie* true and correct (Ill. Rev. Stat. 1987, ch. 110, par. 3—110), and should not be disturbed on review unless they are contrary to the manifest weight of the evidence. (*Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 576-77, 494 N.E.2d 1266.) A reviewing court will not substitute its judgment for that of the administrative agency, and where it appears that there is evidence to support the administrative findings, the findings should be affirmed. *Komarec v. Illinois Department of Labor* (1986), 144 Ill. App. 3d 1105, 1108, 494 N.E.2d 1257.

■ Section 602A of the Unemployment Insurance Act states in part:

> "For purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instructions from the employing unit." Ill. Rev. Stat. 1987, ch. 48, par. 432A.

■ Here the record indicates that in his final five-day absence plaintiff did not telephone Fluke to report his absence for the last three days. Although plaintiff stated that he had been too sick to telephone, he also testified that he had telephoned his doctor on those

same days. We find that plaintiff's failure to telephone his employer to report his absence falls within the definition of the term "misconduct" as found in section 602A of the Unemployment Insurance Act. Ill. Rev. Stat. 1987, ch. 48, par. 432A; see also *Bochenek v. Department of Employment Security* (1988), 169 Ill. App. 3d 507, 525 N.E.2d 893.

We therefore find that the administrative decision of the Board of Review was not against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

CAMPBELL and O'CONNOR, JJ., concur.