CATHERINE KENNEDY, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

Fourth District No. 4—89—0931

Opinion filed June 27, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellant.

Brian T. Otwell, of Morse, Giganti & Appleton, of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Catherine Kennedy filed a petition with defendant Secretary of State (Secretary) requesting full reinstatement of her driving privileges. The Secretary denied the petition. On administrative review, the circuit court for Sangamon County reversed the Secretary's decision, but stayed the order pending this appeal by the Secretary. The Secretary argues its decision was not contrary to the manifest weight of the evidence. For the reasons that follow, we reverse the circuit court.

Plaintiff's driving privileges were revoked by the Secretary on December 18, 1982, following plaintiff's November 1982 conviction for driving under the influence of alcohol (DUI). Plaintiff received a second DUI conviction in March 1983 and was convicted of illegal transportation of liquor on April 27, 1983. No injuries occurred in connection with plaintiff's DUI offenses.

On March 24, 1989, plaintiff requested full reinstatement of her driving privileges or an extension of her restricted driving permit (RDP) issued on October 22, 1987. At a hearing on May 4, 1989, the hearing officer took official notice of the prior proceedings in this matter wherein plaintiff requested reinstatement of her driving privileges in 1986, 1987, and 1988.

At the time of the May 1989 hearing, plaintiff was 30 years old and married with two preschool children. Plaintiff testified she was employed as the bar manager for the American Legion Post 32 in Springfield and had worked for this employer for four years. Plaintiff testified she had not consumed any alcoholic beverages for the past 4½ years. Plaintiff stated she is a recovering alcoholic but does not belong to a support group like Alcoholics Anonymous (AA). Plaintiff stated she used to go to AA meetings but did not like them because she did not consider the constant reminder of her drinking problem helpful. Plaintiff stated she attends church on Sunday and spends a lot of time with her two children. Plaintiff stated she was not involved in an alcohol-related support group at church but planned on getting more involved when her children got older. Plaintiff stated that because of her children, she does not want to drink ever again.

Plaintiff presented letters from three individuals who attested to plaintiff's abstinence from alcohol in the previous 2½ to 3 years. Plaintiff also presented an alcohol evaluation done by Paul L. Carlson, a certified substance-abuse counselor, in November 1988. Carlson classified plaintiff as a Level III or alcohol-dependent person. (92 Ill. Adm. Code §1001.410, at 3518 (Supp. 1988).) The report recommended plaintiff complete intensive inpatient or outpatient alcohol

treatment followed by a minimum of 22 hours of follow-up counseling. The report also indicated that plaintiff completed her treatment in 1984. Carlson was also one of the individuals who wrote a letter on plaintiff's behalf. Carlson's letter dated May 8, 1989, states plaintiff had not attended AA meetings over the past year but remained committed to her own personal program, which involved church attendance and commitment to her family.

The hearing officer found the evidence at the hearing supported the Level III classification in the evaluation report. The hearing officer also noted that while plaintiff presented Carlson's evaluation in support of her petition for full driving privileges, this report was incomplete because it did not include the fact that plaintiff was taking Darvon and codeine for pain. The pain was related to a problem plaintiff had with her reproductive system. The hearing officer noted plaintiff had (1) experienced blackouts, loss of control, increased tolerance, and loss of friends as a result of her drinking problems in the past; and (2) plaintiff's score on the Michigan Alcoholism Screening Test (MAST) taken in 1986 indicated alcoholism.

The hearing officer found plaintiff acknowledged she is an alcoholic but plaintiff did not provide any substantiation or documentation for her claims of abstinence or completion of treatment as required by the regulations adopted by the Secretary. The hearing officer gave little weight to the three letters plaintiff provided in support of her abstinence. The most recent treatment was completed by plaintiff after three months in 1984. The hearing officer noted plaintiff's attitude, as well as that of her husband, toward AA and another treatment plan was negative. The hearing officer found plaintiff had not established an ongoing support system for her alcohol problem, and stated plaintiff's use of the drugs of Darvon and codeine represented a serious breakdown in plaintiff's recovery from alcohol dependency.

The hearing officer found plaintiff had in the past been excused from the normal requirements alcoholics must meet prior to reinstatement of their driving privileges. The hearing officer found plaintiff to be sincere and credible, but stated plaintiff had to fulfill the Secretary's requirements before restoration could be awarded. Specifically, plaintiff had to provide (1) documentation that she completed treatment for alcoholism; (2) documentation of her involvement in a support system; (3) verification of abstinence; and (4) a physician's report showing physician's knowledge of plaintiff's chemical dependency, the reason for prescribing addictive medications, and the type of monitoring in place for such medications. Without the physician's report, the hearing officer concluded plaintiff must be viewed as having relapsed,

making her ineligible for reinstatement of driving privileges. The hearing officer recommended the Secretary deny plaintiff's petition for full reinstatement and cancel plaintiff's current RDP.

The Secretary adopted the hearing officer's findings of fact and recommendations except for the recommendation to cancel plaintiff's RDP. In an order dated June 6, 1989, the Secretary ordered that plaintiff's RDP was to remain in effect and denied full reinstatement. In the same order, the Secretary also referred plaintiff's case to the driver services medical review unit for a determination of whether the pain medications would interfere with plaintiff's ability to operate a motor vehicle. On June 27, 1989, plaintiff filed a complaint for administrative review. On July 5, 1989, a corrected order from the Secretary was issued, correcting various typographical errors in the previous order. No determination from the medical review unit was received until after October 25, 1989, when the circuit court reversed the Secretary and ordered plaintiff's driving privileges reinstated.

The sole issue presented in this appeal is whether the circuit court erred in reversing the Secretary's denial of plaintiff's request for full reinstatement of her driving privileges. Before considering this issue, we address a motion plaintiff filed with this court to supplement the record with a letter plaintiff received from the Illinois Medical Advisory Board (Board), dated November 24, 1989.

Plaintiff seeks to supplement the record to counter an argument raised by the Secretary on appeal. Specifically, plaintiff argues the letter is a necessary part of the record because it renders plaintiff's medical condition, which was raised by the hearing officer in connection with two pain medications plaintiff was taking, moot. Further, the supplement is required because the Secretary argues the circuit court reversed its order without any evidence that plaintiff's medical condition did not interfere with her driving.

The Secretary argues the motion should be denied because the evidence in the supplement was never considered by the circuit court on administrative review and, therefore, should not be considered by this court. Further, the Secretary points out the issue before this court does not concern the actual results of the referral to the Board, but rather concerns whether the circuit court's order is against the manifest weight of the evidence.

Supreme Court Rule 329 allows the record on appeal to be amended when the record does not accurately state what occurred in the trial court. (107 Ill. 2d R. 329.) There is no dispute that the Secretary did not have the findings of the Board when he entered his order. Rule 329 does not authorize or allow a party to change the record

where, as here, there are no allegations of material omissions or inaccuracies. (*Nameoki Township v. Cruse* (1987), 155 Ill. App. 3d 889, 894-95, 508 N.E.2d 1080, 1084.) Plaintiff's motion to supplement the record is denied.

In the alternative, plaintiff asks this court to take judicial notice of the matters contained in the Board's letter but does not state how or why this court can judicially notice these matters. The Secretary does not respond to plaintiff's alternative argument.

 Judicial notice may be taken of factual evidence where the facts are capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy. (*Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 166, 449 N.E.2d 812, 815.) A reviewing court may take judicial notice of an administrative decision even though it is subject to further administrative and judicial review. (*People ex rel. Carey v. Starview Drive-In Theatre* (1981), 100 Ill. App. 3d 624, 627, 427 N.E.2d 201, 205.) Further, a reviewing court may take judicial notice of facts or events not appearing in the record, which disclose no actual controversy exists between adverse parties. (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 384 N.E.2d 1309.) However, a reviewing court will not take judicial notice of critical evidentiary material not presented in the court below, especially where the evidence may be significant in the proper determination of issues between the parties. *Ashland Savings & Loan Association v. Aetna Insurance Co.* (1974), 18 Ill. App. 3d 70, 78, 309 N.E.2d 293, 299.

In this case, the hearing officer made a factual finding that plaintiff's use of potentially addicting medication made her ineligible for reinstatement of full driving privileges. The Secretary adopted this finding, continued plaintiff's RDP, and referred plaintiff's case to the Board for a determination as to whether the medication would interfere with plaintiff's ability to drive. While plaintiff alleges any issue regarding her medical condition is rendered moot by the Board's finding, plaintiff has not asked that the *entire appeal* be dismissed on mootness grounds. (*Carey*, 100 Ill. App. 3d at 628, 427 N.E.2d at 205.) Moreover, we note the hearing officer's conclusions of law in support of denial of full restoration concern plaintiff's failure to comply with the regulations by documenting the treatment received and the support system in place. Therefore, this court will not judicially notice new factual evidence not presented in the proceedings below. (*Ashland*, 18 Ill. App. 3d at 78, 309 N.E.2d at 299.) We now address the merits of plaintiff's issues.

██ On review, the findings and conclusions of the administrative

agency on questions of fact shall be held to be *prima facie* true and correct. (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) Only when the court finds the agency's discretionary authority was exercised in an arbitrary or capricious manner or the decision is against the manifest weight of the evidence is the decision overturned. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) A reviewing court may not reweigh the evidence or make factual findings and an agency's decision is not contrary to the manifest weight of the evidence merely because the court would have decided the case differently. *Berry v. Edgar* (1989), 192 Ill. App. 3d 455, 548 N.E.2d 575.

■■ ■ The Secretary has adopted regulations to assist in the process of reissuing an individual's driving license after a revocation. In pertinent part, these regulations state:

"a) In all applications for reinstatement, RDP's, or terminations of cancellations, Applicants *must* submit an alcohol or drug evaluation *and* evidence of successful completion of an alcohol- or drug-related driver remedial course and/or evidence of successful completion of treatment or proof of adequate rehabilitative process.

* * *

b) Before any driving relief will be granted, the Applicant must prove by clear and convincing evidence; that he/she does not have a current problem with alcohol or other drugs; that he/she is a low or minimal risk to repeat his/her past abusive behaviors and the operation of a motor vehicle while under the influence of alcohol or other drugs; and that he/she has complied with all other standards as specified in this Subpart D. If the evidence establishes that the Applicant has had an alcohol/drug problem, the Applicant must also prove that said problem has been resolved.

* * *

3) Applicants classified as Problematic Use, Dependent (Level III) *must* document abstinence as required in subsection (e) below and compliance with all treatment recommendations of his/her evaluator and *must* prove that he/she has established an ongoing support/recovery program * * *.

* * *

i) When the Petitioner has had alcoholism/ drug treatment he/she *should document, at a minimum,* the following:

1) Name, address and telephone number of treatment center.

2) The type and length of treatment (include dates).

3) A summary of the Applicant's involvement in treatment, with particular attention to the quality of participation and the overall response of the Applicant during treatment.

4) Any recommendations for aftercase or follow-up support, and an indication of Applicant's participation, if applicable.

5) A prognosis in terms of the Applicant's continued stability and relapse potential.

6) The dated signature of the professional staff person providing the treatment information." (Emphasis added.) 92 Ill. Adm. Code, §1001.440, at 3520, 3521, 3522 (Supp. 1988).

The Secretary argues plaintiff failed to prove successful completion of alcoholism treatment and failed to establish an ongoing support system. Plaintiff argues strict compliance with the regulations is not required in this case because previous hearing officers concluded plaintiff had an ongoing and successful support system and treatment documentation is not required because all recommended treatment was completed in 1984.

The hearing officer's conclusions of law were adopted by the Secretary. The hearing officer's conclusions were that (1) plaintiff is an admitted alcoholic with more than one year of abstinence who must provide evidence of a support system to help with maintaining the abstinence; (2) plaintiff failed to provide independent proof of her abstinence and failed to prove she had an established support system to maintain the abstinence; (3) plaintiff failed to prove she had resolved her alcohol-drug problem with documentation of completion of the recommended treatment program; and (4) plaintiff failed to prove she would be a safe and responsible driver who would not endanger the public safety and welfare.

There is no dispute that plaintiff is classified as alcohol-chemically dependent (Level III) and, further, that she failed to comply with the Secretary's regulations. Plaintiff's argument does not negate the Secretary's requirements which, we note, use such terms as "should *** at a minimum," and "must." (*Lamborn v. Edgar* (1989), 178 Ill. App. 3d 814, 533 N.E.2d 1008.) Plaintiff's proof of completion of alcoholism treatment falls short of the required documentary evidence. Likewise, plaintiff's statements that she had a recovery plan in place were not independently substantiated. Plaintiff's husband, who did not testify at the 1989 hearing, had previously been unsupportive with plaintiff's treatment and attendance at AA meetings.

Our review of the record establishes that *one* hearing officer found plaintiff was participating in a self-help program. This finding

was based on the same evidence that plaintiff's ongoing support system is her family. However, this finding does not bind the later hearing officers. Further, we believe independent substantiation of this statement through the testimony of plaintiff's husband, friends, or family would satisfy the Secretary's regulations.

In order for the circuit court to find the Secretary's decision to be against the manifest weight of the evidence, the court must determine, after reviewing the evidence in the light most favorable to the Secretary, that no rational trier of fact could have agreed with the Secretary's decision. (*Craig v. Edgar* (1988), 165 Ill. App. 3d 270, 519 N.E.2d 112; *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 492 N.E.2d 929.) We conclude the Secretary's decision is not contrary to the manifest weight of the evidence and, therefore, reverse the circuit court.

Reversed.

GREEN and STEIGMANN, JJ., concur.