624

REGINALD THOMAS, Plaintiff-Appellee, v. SALLY A. WARD, Director of the Department of Employment Security, *et al.*, Defendants-Appellants (Unichema Chemicals, Inc., Defendant).

First District (6th Division)   No. 1—90—0955

Opinion filed March 15, 1991.

Roland Burris, Attorney General, of Springfield (Rosalyn B. Kaplan and Susan Frederick Rhodes, Assistant Attorneys General, of Chicago, of counsel), for appellants.

Legal Assistance Foundation of Chicago, of Chicago (James O. Latturner and Carl Flaningam, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

The Board of Review of the Department of Employment Security (Board) entered an administrative order denying the plaintiff unemployment compensation because the plaintiff had been discharged from his job based on his misconduct. On administrative review the circuit court reversed that decision as against the manifest weight of the evidence. The Board and the Director of the Illinois Department of Employment Security contend that plaintiff's actions constituted misconduct (Ill. Rev. Stat. 1987, ch. 48, par. 432(A)), and the Board's factual evaluation should have been sustained.

The plaintiff worked as a production employee in a continuous process operation for Unichema Chemicals, Inc., in Chicago from 1981 until his discharge in December 1987. His work records showed that he had a history of failure to follow instructions and had received warnings for tardiness and absences; in August 1987 he had been suspended for three days as a result of work problems. He was also a heroin addict who had previously undergone unsuccessful rehabilitation.

On November 25, 1987, the day preceding Thanksgiving, the plaintiff was scheduled to work from 4 p.m. to midnight. He had used heroin that day before work, and by 7 p.m. when it came time for his lunch break, he was feeling quite ill; he left work and went to a hospital where for three hours he sought admission for drug treatment. He was refused admission because his physician had not approved that procedure.

He did not tell anyone that evening that he was leaving work or would not return. He testified that his supervisor, Rick Williams, gave him permission to take his lunch break away from the plant. He also claimed that while he was at the hospital that evening seeking admission, he tried to contact Williams by telephone, but there was no answer in the plant office. He testified that Unichema used an answering machine for its telephone, and the system occasionally would not work sometimes during evening hours. He maintained that he finally contacted Williams the next day, and Williams told him to speak to Mike Newton, the manager, when Newton returned from the Thanksgiving holidays.

The plaintiff was admitted to in-patient hospital treatment on November 27, 1987. According to him, while he was undergoing detoxifi-

cation for the first several days, his use of a telephone was limited, but he claimed that he did manage to call Newton at the beginning of the week following Thanksgiving. However, he could not reach Newton and he left a message for Newton.

He also explained that he had previously participated in a drug treatment program and attended meetings held during the evening. However, Unichema then transferred him to the evening work shift. This transfer prevented his further attendance in the program which did not have daytime meetings.

Lance Chambers, Unichema's personnel manager since December 1987, testified that the plaintiff was terminated because he left his job without telling anyone or subsequently contacting Unichema. Chambers said that Unichema maintained a telephone answering machine so employees could leave recorded messages. He said that Unichema did not receive a recorded message from the plaintiff between November 25-27, 1987.

In reversing the Board's decision, the circuit court commented that there was no evidence that the plaintiff's failure to contact his employer was intentional, willful or deliberate. On appeal the defendants argue that the court should have deferred to the Board's determination. The plaintiff argues that the evidence establishes, as a matter of law, that he tried to contact his employer while attempting to gain hospital admission. He claims that his uncontradicted testimony established that he tried to contact his supervisor on November 25, 1987, while he was seeking hospital admission, that he eventually talked to his supervisor on Thanksgiving day and that he then unsuccessfully attempted to contact the plant manager the week following Thanksgiving. Further, he contends that, as a matter of law, his actions were not misconduct.

■■ ■ Recently, in *Kennedy v. Edgar* (1990), 199 Ill. App. 3d 138, 143-46, 556 N.E.2d 830, this court set forth the general principles of law regarding the evidentiary basis upon which a court can review an administrative decision.

> "On review, the findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct. [Citation.] Only when the court finds the agency's discretionary authority was exercised in an arbitrary or capricious manner or the decision is against the manifest weight of the evidence is the decision overturned. [Citation.] A reviewing court may not reweigh the evidence or make factual findings and an agency's decision is not contrary to the mani-

fest weight of the evidence merely because the court would have decided the case differently. [Citation.]

* * *

In order for the circuit court to find the [administrative] decision to be against the manifest weight of the evidence, the court must determine, after reviewing the evidence in the light most favorable to the [agency], that no rational trier of fact could have agreed with the [agency's] decision." A further principle establishes that "where evidence is not contradicted by opposing evidence or circumstances or inherently improbable and the offering witness has not been impeached, the trier of fact is not free to disregard it." *Coupon Redemption, Inc. v. Ramadan* (1987), 164 Ill. App. 3d 749, 754, 518 N.E.2d 285; see also *Bucktown Partners v. Johnson* (1983), 119 Ill. App. 3d 346, 456 N.E.2d 703.

■ We do not believe that the evidence supports the circuit court's action. Employers must have some notice of an employee's absence so that appropriate schedules can be adjusted or other employees reassigned to do the work. For example, in *Wilson v. Department of Employment Security* (1990), 196 Ill. App. 3d 711, 714, 554 N.E.2d 1006, this court held that an employee was guilty of misconduct and disqualified from unemployment compensation under section 602(A) of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 432(A)) when he did not telephone his employer to report his absence.

Further, whether the plaintiff tried to contact his employer was one of fact based on witness credibility. He claimed that he unsuccessfully tried to leave a message on his employer's answering machine, but Unichema's representative said that no messages from the plaintiff were recorded. The plaintiff sought to cast doubt on the witness' statement by claiming that Unichema's telephone equipment at times did not function. In our opinion this merely created a factual question to be determined by the Board, and there is nothing in the record to allow a contrary conclusion by the circuit court.

We therefore reverse the judgment of the circuit court.

Reversed.

McNAMARA and LaPORTA, JJ., concur.