LESTER GLASPER, Plaintiff-Appellant, v. BOARD OF REVIEW, Department of Employment Security, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—1641

Opinion filed August 12, 1991.

Lester Glasper, of Chicago, appellant *pro se*.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellee Board of Review, Department of Employment Security.

No brief filed for other appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff was discharged from his employment at the Atlantic Corporation for violation of a company work rule that required an employee, who exhibited behavior characteristic of use of alcohol while on the job, to take a blood test at the company clinic. The Board of Review, Illinois Department of Employment Security (Board), denied plaintiff unemployment benefits because of his work-related misconduct in refusing to obey a reasonable work rule. (Ill. Rev. Stat. 1989, ch. 48, par. 432(A).) On administrative review the circuit court confirmed the Board's decision. On appeal, the *pro se* plaintiff argues that the evidence did not support the conclusion that he wilfully violated the work rule.

Plaintiff testified at the administrative hearing that he was a vehicle driver for the Atlantic Corporation, where he had been employed for 18 years. On March 1, 1989, plaintiff was discharged after he was told that supervisory personnel saw him coming out of a liquor store while on his lunch break. Plaintiff claimed that he and a co-worker had merely entered the store so that the co-worker could buy cigars. Plaintiff denied that he had anything to drink while in the store. Shortly after his return to work plaintiff was called into his supervisor's office, where he agreed to take a test to determine if there was any alcohol in his system. Plaintiff claimed that he believed that the test could be administered by his physician or his employer's physician, and he opted to go to his own doctor for the test. Plaintiff said that the following day his physician sent him to have a blood sample taken.

The employer's shipping supervisor Tom Prickard testified that about one hour after plaintiff returned to work from his lunch break he saw plaintiff in an office. Prickard had been summoned there after a report that plaintiff and a co-worker had been seen coming out of a liquor store. Prickard was to take both men to the clinic to get a test to disclose if any alcohol had been consumed by either man. Prickard

said that at that time he saw that plaintiff's eyes were glassy, and he noted that plaintiff's speech was slurred. Prickard did not detect any odor of alcohol on plaintiff's breath, nor could Prickard evaluate whether plaintiff was intoxicated. Plaintiff would only say that he had been drinking the previous evening. Prickard then asked plaintiff three times to submit to the test at the clinic. At first plaintiff agreed, then he became hesitant and finally plaintiff refused. Plaintiff was not told that there was any option allowing him to have his own doctor perform the test. Upon plaintiff's refusal, the plant manager suspended plaintiff.

Prickard also testified that a company work rule negotiated in the union contract covered the situation. That rule provided:

> "Any employee exhibiting behavior which leads management to suspect that he/she is under the influence of a mind altering substance will be sent immediately to the clinic for a drug/alcohol screening test. Positive results or refusal to take such test will result in immediate dismissal."

While plaintiff claimed that he had never been given a copy of the rule, Prickard expressly denied that assertion. Prickard also said that the rule was posted on the company premises including a bulletin board in the employee lunch area.

Plaintiff does not now directly argue that he did not disobey the work rule. Rather his argument is directed to his claim that his refusal was not wilful or deliberate. Defendant's subsequent development of that argument, however, basically is an explanation that his employer had no reason to suspect his use of alcohol merely because he was seen emerging from a liquor store during his lunch break. Plaintiff maintains that he did not exhibit signs of intoxication, pointing to Prickard's failure to detect an alcohol odor on plaintiff. Plaintiff also explains other physical characteristics, claiming that his eyes were "glassy" because he had just blown dust off his vehicle and he had a speech problem. Plaintiff's explanation does not detract from the conclusion that his condition would allow the employer to suspect that plaintiff had been drinking.

We view the evidence in the light most favorable to the decision of the administrative agency to evaluate whether that decision was against the manifest weight of the evidence. (*Kennedy v. Edgar* (1990), 199 Ill. App. 3d 138, 143-46, 556 N.E.2d 830.) The violation of a reasonable work rule, as here, is misconduct which disqualifies an employee from receiving unemployment compensation. (*Wilson v. Department of Employment Security* (1990), 196 Ill. App. 3d 711, 714, 554 N.E.2d 1006; *Thomas v. Ward* (1991), 211 Ill. App. 3d 624, 570

N.E.2d 477.) In the present case the record shows that plaintiff disobeyed the rule requiring a test at the company clinic. Plaintiff's action justified the denial of unemployment benefits.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.