DALE G. ROBINSON, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants (Amco Engineering Company, Defendant).

First District (2nd Division)   No. 1—92—3960

Opinion filed June 28, 1994.

Roland W. Burris, Attorney General, of Chicago (Mary E. Welsh, Assistant Attorney General, of counsel), for appellants.

Legal Assistance Foundation of Chicago, of Chicago (Jeffrey B. Gilbert and Karyn Glass, of counsel), for appellee.

Winston & Strawn, of Chicago (Nancy Kornblum, of counsel), for defendant.

JUSTICE SCARIANO delivered the opinion of the court:

The Board of Review of the Illinois Department of Employment Security (Board) appeals, *inter alia*, from an order of the circuit court of Cook County which reversed the Board's decision that plaintiff, Dale G. Robinson, was ineligible to receive unemployment compensation benefits because he was discharged from employment for misconduct. The Board argues that plaintiff's action was disqualifying misconduct.

In reversing the Board's decision, the trial court reinstated the referee's decision and found that the evidence did not show plaintiff violated the rule where there was no indication that plaintiff used drugs at work or reported to work in an impaired condition or under the influence.

Plaintiff testified that he was employed as a spray painter of cabinets and computers at Amco Engineering Co. His job was not dangerous and he received an excellent work performance evaluation. Drug tests were not mandatory when plaintiff was hired. Plaintiff said that he did not bring drugs to work or use drugs at work, and he never came to work under the influence of drugs. Plaintiff indicated that when he used drugs, there would be sufficient time to dissipate their effect so that he would not be under the influence when he returned to work. On April 24, 1990, plaintiff sustained a scratch at work and was sent to the medical department to take a drug test. Apparently, the results were positive. Around a year later, during the weekend of April 21, 1991, plaintiff used "a few lines" of "sociable cocaine" when he attended a wedding reception. The next day, he returned to work and was required to take a drug test. A week later, he learned that traces of cocaine and marijuana were found in his urine and he was discharged.

Mildred Kobus, personnel director for Amco, testified that on July 1, 1989, the employer instituted a drug-free workplace and substance abuse policy which included preemployment tests with drug screening and screening for any work-related injury. If drug-screening results were positive, the employee was required to take three additional random tests without notice in an 18-month period. On April 24, 1990, plaintiff was required to take a drug test when he sustained a scratch. He tested positive for morphine and THC (marijuana). On May 3, 1990, plaintiff was advised of the test results, given a day off to consider his situation, told that he would be subject to further unannounced drug screening and offered rehabilitation services. Plaintiff refused the rehabilitation services. On April 24, 1991, plaintiff was again sent for an unannounced drug test. Because the results were positive for morphine and THC, plaintiff was

terminated pursuant to the employer's drug-free workplace policy. Ms. Kobus said that plaintiff was one of the employer's best spray painters, had a good work record and had no problems on the job. In fact, she indicated that the employer "hate[d] to lose plaintiff but its substance abuse policy was mandatory to retain government contracts."

The Board asserts that the trial court erred in reversing its decision that plaintiff was discharged for misconduct connected with work, where the evidence showed that plaintiff violated his employer's rules by testing positive for a controlled substance. On administrative review, the duty of a court is to examine the entire record and determine whether the findings and decision of the administrative agency are against the manifest weight of the evidence. (*Barron v. Ward* (1987), 165 Ill. App. 3d 653, 659, 517 N.E.2d 591.) The Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 300 *et seq.*) provides insurance benefits to alleviate economic hardship resulting from involuntary unemployment. However, the employee must establish entitlement to such benefits. (*Siler v. Department of Employment Security* (1989), 192 Ill. App. 3d 971, 974, 549 N.E.2d 760.) The Act is liberally construed for the benefit of unemployed individuals but is not intended to benefit those who are unemployed as a result of their own misdeeds. (*Nichols v. Department of Employment Security* (1991), 218 Ill. App. 3d 803, 809, 978 N.E.2d 1121.) In relevant part, section 602 of the Act provides:

> "For purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit." Ill. Rev. Stat. 1991, ch. 48, par. 432.

In the present case, the goal of the drug-free workplace and substance abuse policy was "to establish and maintain a work environment that is free from the adverse effects of using drugs and/or alcohol." Any employee who reported to work "impaired" or "under the influence of drugs or alcohol" or failed to "pass a drug screening test" was subject to discipline including discharge. It was uncontested that plaintiff twice tested positive for traces of marijuana and that on each of those occasions, either cocaine or morphine was also found in his urine. However, the evidence also disclosed that plaintiff was a good employee whose job performance had not been affected by residual traces of drugs found in his urine. Notwithstanding, the trial court as well as the Board determined that the work

rule was reasonable. Plaintiff twice violated the rule despite the warning. The violation of a reasonable work rule, as here, is misconduct which disqualifies an employee from receiving unemployment compensation. (*Glasper v. Board of Review* (1991), 218 Ill. App. 3d 347, 349, 578 N.E.2d 254.) Under the circumstances, the Board's decision finding that plaintiff's second violation of the work rule was misconduct justifying denial of unemployment benefits was not manifestly erroneous.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

HARTMAN and McCORMICK, JJ., concur.