## Schwartz Unemployment Compensation Case.

Argued December 15, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Bernard L. Lemisch,* with him *Alfred I. Ginsburg,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

Opinion by Watkins, J., March 18, 1959:

This is an unemployment compensation case in which the claimant was discharged for having fallen asleep in a rest room away from his working area after having been warned by his employer that he should not leave his immediate working area or leave the premises of the employer during working hours. The claimant, Benny Schwartz, was last employed by the Philadelphia Inquirer, on November 16, 1957, as a mailer. The Bureau of Employment Security concluded that his unemployment was due to discharge for willful misconduct connected with his work. The referee reversed the bureau and on appeal by the employer, the board of review reversed the decision of the referee and disqualified the claimant for benefits under the provisions of Section 402 (e) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802 (e), which provides: "An employe shall be ineligible for compensation for any week—(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . . .". Hence this appeal.

The testimony was conflicting. Witnesses for the employer testified that the claimant was found asleep in a rest room two flights above where he was working. There was a rest room located on the floor of his working area. The employer's witnesses also testified that he had been warned on four or five other occasions for being away from his work area.

The claimant and his witness admitted he was in the rest room in question but denied that he was sleeping. The claimant denied that he had ever been warned prior to his discharge.

The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn therefrom are for the board. Here, the facts as found by the board, that this claimant was found asleep in a rest room during working hours and that he had been warned that he should not leave his immediate working area or the premises of the employer during working hours, are supported by competent evidence, and are binding on this Court. *Antinopoulas Unempl. Comp. Case,* 185 Pa. Superior Ct. 76, 137 A. 2d 921 (1958).

We have held that under the "willful misconduct" Section 402(e) of the Unemployment Compensation Law, 43 PS §802(e), that a discharge of a claimant for excessive absenteeism, after warning, was a separation from employment as a result of willful misconduct. *Shanor Unemployment Compensation Case,* 188 Pa. Superior Ct. 301, 146 A. 2d 336 (1958). As a general principle, the act must be a willful disregard of the employer's interest, a deliberate violation of the employer's rules, and a disregard of the standards of behavior which the employer has the right to expect of an employe. The claimant's action must be a breach of his duties and obligations to his employer and conduct clearly inimical to the employer's best interests. *Curran Unemployment Compensation Case,* 181 Pa. Superior Ct. 578, 124 A. 2d 404 (1956).

The action of this claimant, as found by the board, clearly falls within the standards applicable to "willful misconduct" as established by a long line of decisions by this Court.

Decision affirmed.