RAYMOND A. WALTHALL, Plaintiff-Appellant, v. THE DEPARTMENT
OF LABOR *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—3183

Opinion filed May 13, 1986.

Chapman & Cutler and Chicago Volunteer Legal Service Foundation,
both of Chicago (Michael G. McGee, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Patricia Rosen and
Roma Jones Stewart, Assistant Attorneys General, of Chicago, of counsel),
for appellees.

JUSTICE STAMOS delivered the opinion of the court:

The plaintiff, Raymond A. Walthall, worked as a warehouseman at
Marshall Field's from May 1984 through October 1984. On October
26, 1984, he was suspended from employment on the grounds of mis-

conduct and insubordination towards a supervisor. On November 12, 1984, plaintiff was advised that he had been discharged. Thereafter, plaintiff applied for unemployment benefits and was found unqualified by defendant's claims adjudicator. Subsequently, defendant's referee upheld the claims adjudicator's determination. Plaintiff then appealed the decision to the Board of Review, Department of Employment Security. However, the Board also denied relief to plaintiff. Plaintiff then sought administrative review of that decision in the circuit court of Cook County. After a hearing the circuit court confirmed the Board's decision.

In this appeal, plaintiff contends that his actions were insufficient to constitute misconduct and that his behavior and comments to his supervisor did not constitute insubordination.

As stated above, it was established that the plaintiff had worked for approximately six months as a warehouseman at Marshall Field's beginning in May of 1984. On October 26, 1984, plaintiff was taking his 15-minute morning break. At that time, he moved away from the immediate work area into a corner and peeled some hard-boiled eggs to eat. However, Marshall Field's has a policy which requires that employees eat only in designated areas, such as the cafeteria, lounge or washroom. The employees are not permitted to eat in a work area. Plaintiff apparently had not been given any prior warning regarding any rule prohibiting eating in a nondesignated area.

Plaintiff's supervisor, Mr. Soloy, then discovered plaintiff eating close to the work area. Since this was in violation of Marshall Field's policy, Mr. Soloy reminded plaintiff of that policy and directed him to eat in the cafeteria or washroom. In response to this direction, plaintiff continued to eat his eggs until he finished them two or three minutes later. He then told the supervisor that as far as he was concerned "the conversation was over."

Plaintiff maintained that he perceived the supervisor's suggestion to eat in the washroom as insulting or degrading. He then quickly consumed the remaining peeled egg and returned to work. Plaintiff stated that by his actions he was not attempting to violate any policy rule of Marshall Field's. An hour later, he was called to the personnel office and informed that he was suspended, pending an investigation. On November 12, 1984, plaintiff was advised that he had been discharged by the store. In denying unemployment compensation, the Board of Review held that plaintiff had deliberately disobeyed a reasonable order from his supervisor which constituted insubordination and misconduct connected with his work. After a hearing, the circuit court of Cook County confirmed that decision. Plaintiff now contends

that his actions were insufficient to constitute misconduct and that his behavior and comments to his supervisor did not constitute insubordination.

An administrative agency's findings are *prima facie* true and correct. (Ill. Rev. Stat. 1983, ch. 110, par. 3—110; *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 513, 475 N.E.2d 879.) Moreover, a court of review is not to reweigh the evidence or make an independent determination of the facts. Its sole function is to ascertain whether the findings of the administrative agency are contrary to the manifest weight of the evidence. *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085.

On appeal, plaintiff argues that this court must decide whether he was guilty of misconduct or insubordination. However, on review this court must simply determine whether there is evidence to support the Board of Review's findings that plaintiff's act of insubordination constituted sufficient grounds to discharge him. (*Sheff v. Board of Review* (1984), 128 Ill. App. 3d 347, 350-52, 470 N.E.2d 1044.) In *Sheff,* the court stated:

> " 'Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, ***.' "
>
> 128 Ill. App. 3d 347, 351, citing *Granite City Steel v. Board of Review* (1979), 68 Ill. App. 3d 264, 271, 385 N.E.2d 931.

We are of the opinion that the above-described behavior by plaintiff constituted a deliberate violation of the employer's rules. The testimony demonstrated that plaintiff began eating near his work area during his 15-minute morning break. It was further established that employees are not allowed to eat at or near work areas because it is both counterproductive and a health hazard. When plaintiff's supervisor found him doing this, he immediately informed plaintiff of company policy and directed him to eat in either the cafeteria or the washroom. Up to this point it is evident that there was no demonstration that plaintiff's initial violation of the rule was wilful. However, after plaintiff received the warning from his supervisor, he continued to disobey the rule and sat where he was eating the eggs for an additional two to three minutes. It is obvious that at that time plaintiff was fully aware of the company policy and knew that his supervisor understandably expected his immediate compliance. However, plaintiff chose to deliberately disregard the policy and disobey a reasonable or-

der by his supervisor. We feel that this demonstrates that plaintiff disobeyed a reasonable company rule in a wilful manner. Accordingly, we must conclude that plaintiff was guilty of misconduct, and consequently, was properly discharged for that reason.

■ Plaintiff maintains that his action in eating near his work area was "motivated by good intentions and were not intentional violations" because he was merely attempting to save time by eating near his work area. However, although this may have been true with respect to his initial violation, plaintiff's refusal to go to the cafeteria, lounge or restroom to finish eating was clearly a deliberate violation of the company's rules. Such inaction also constituted insubordination. Therefore, we must conclude that plaintiff was properly denied unemployment benefits.

For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BILANDIC, P.J., and HARTMAN, J., concur.