CANDACE S. MEDVID, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants (Jewel Company, Inc., Defendant).

First District (1st Division)   No. 1—88—1570

Opinion filed July 24, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Respicio F. Vazques, Assistant Attorney General, of Chicago, of counsel), for appellants.

No brief filed for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County reversing a decision of the Board of Review of the Illinois Department of Employment Security which found plaintiff, Candace Medvid, ineligible for unemployment insurance benefits. This court has jurisdiction pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301).

At issue is whether the Board's decision that plaintiff was disqualified from receiving unemployment benefits was contrary to the manifest weight of the evidence. We believe it was not.

Plaintiff, Candace Medvid (Medvid), was employed full time by the Jewel Companies, Inc. (Jewel), as a service desk clerk between June 17, 1985, and November 3, 1986.

On November 3, 1986, Medvid was terminated because of unauthorized absence from work. She filed a claim for unemployment compensation, which was denied by a claims adjudicator. She applied for

reconsideration of the claims adjudicator's determination. The request for reconsideration was considered an appeal and the claims adjudicator's decision to disqualify Medvid from receiving benefits was affirmed.

On January 7, 1987, Medvid appeared before an Illinois Department of Employment Security (IDES) hearing referee, who reversed the claims adjudicator's decision. Jewel filed an appeal with the Board of Review of IDES, which reversed the hearing referee's decision. The Board found that the evidence demonstrated that Medvid gave a false reason for her absence from work and concluded that she violated her duty to report to work and her duty to give notice of the reason for her absence to her employer.

Plaintiff then filed a *pro se* complaint in the circuit court of Cook County under the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.* (the Administrative Review Law).) The circuit court reversed the decision of the Board of Review, and the IDES, the Director of IDES and the Board appealed.

The hearing before the referee revealed the following. While employed at Jewel, Medvid had a conflict with a supervisor so she applied for a transfer. Her supervisor testified that she had been offered several other positions which she first accepted and later rejected. He stated that the problem Jewel had with Medvid was her attitude and that she came to work tired every day as a result of other employment. She was notified that her conduct was not acceptable, and her supervisor told Medvid he intended to recommend that she be taken out of a training program because of her attitude and conduct at work. Medvid then took a week off without pay while awaiting a transfer.

Following her return to work on October 20, 1986, plaintiff worked for several days. On October 24, 1986, Medvid was scheduled to work between 8:30 a.m. and 5 p.m. The employer's rule requires that if the employee is not going to be at work, the employee is required to call in before the start of her working day. Medvid failed to show up for work and did not call to notify Jewel of her absence. On October 25, Medvid was scheduled to work between 2:30 p.m. and 11 p.m. She again failed to show up at work but called at 5:30 p.m. to state that she had overslept and would not be at work. The employer informed her of the disciplinary action for failing to show up for work and failing to give notice of her absence.

The employer was aware at this time that Medvid was working for another employer. On October 26, Medvid was scheduled to work from 1 p.m. to 8 p.m. and October 27, she was scheduled to work

from 2:30 to 11 p.m. On both days, Medvid called in sick. Her supervisor then informed the area personnel manager that he had heard she was working at another job while calling in sick. On October 28, the area personnel manager verified that Medvid was working for another employer at the same hours she was scheduled to work for Jewel.

Medvid's employment with Jewel was terminated by a letter dated October 29, 1986. She was also notified personally on November 3, 1986, that her employment was terminated. At the hearing, plaintiff stated that she was aware that she would be fired if she called in sick on days when she was scheduled to work while in fact she was working for someone else.

The only issue presented is whether plaintiff was discharged for misconduct connected with her work under section 602(A) of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 432). Plaintiff not having filed a brief, this case is taken on defendant/appellant's brief alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

■ The primary purpose of the Illinois Unemployment Insurance Act is to provide benefits to persons who are involuntarily unemployed due to the lack of suitable work and for no other reason. Accordingly, the Act disqualifies from benefits an individual who is discharged for misconduct connected with the work. In such cases, the individual is unemployed because of his violation of some reasonable rule of conduct which the employer has the right to control and not because of the lack of suitable work.

■ Section 602(A) provides in part: "An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work ***." The Illinois Supreme Court has determined that misconduct is:

> "[C]onduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, *** or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." (*Jackson v. Board of Review of the Department of Labor* (1985), 105 Ill. 2d 501, 511-12, 475 N.E.2d 879, quoting *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 259-60, 296 N.W. 636, 640.)

The *Jackson* court also made it clear that not every violation of a company rule constitutes misconduct. Violation of a rule constitutes misconduct only if the rule is a reasonable rule governing the conduct or performance of an employee and if there is some nexus between

the rule and the employment. (*Jackson*, 105 Ill. 2d at 512.) The violation of rules regarding being absent from work without notifying the employer and without having a reasonable excuse for not doing so has been found to constitute misconduct by Illinois courts. See *Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 383, 465 N.E.2d 1052; *Robinson v. Department of Labor* (1983), 118 Ill. App. 3d 986, 987-88, 455 N.E.2d 567.

■ After reviewing the facts here, we conclude that the Board of Review correctly found that plaintiff's failure to notify her employer of her absence and calling in sick while working for another employer constituted misconduct which disqualified her from receiving unemployment benefits.

Plaintiff acknowledged that she called in sick for a week and intended to continue to do so pending a transfer which she had requested and which had not yet been arranged. When she was informed that the transfer would not be immediately available and that she was scheduled to return to work at the same store, she returned for only three days after which she either called in sick or failed to report to work while working for another employer. It is undisputed that plaintiff knew she was expected to report for work unless there was good cause for her not to do so. It was also undisputed that she knew she was expected to give adequate notice of any expected absence. Medvid admitted that she falsified the reason for her absence by claiming illness when she was working for another employer and further admitted that she knew that if Jewel discovered the falsehood, she would be terminated. Plaintiff's conduct constituted a deliberate violation of a standard of conduct that her employer had a right to expect and a substantial disregard for both her employer's interests and her duties to her employer.

We concur with the Board of Review's finding that plaintiff was discharged for misconduct connected with her work, pursuant to section 602 of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 432). Accordingly, we reverse the decision of the circuit court of Cook County.

Judgment reversed.

CAMPBELL and BUCKLEY, JJ., concur.