FREDERICK SILER, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY et al., Defendants-Appellants (Unemployment Cost Control Service, Inc., Defendant).

First District (3rd Division)   No. 1—89—0149

Opinion Filed December 27, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellants.

Ron Fritsch, of Legal Aid Bureau, of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

This appeal is taken from an administrative review action in which the circuit court overturned the Board of Review's (Board's) determination that plaintiff was ineligible for unemployment benefits because of "misconduct connected with his work." The Board contends that the circuit court committed reversible error in overturning its ruling.

On January 22, 1988, the BBR Chicago Youth Center fired plaintiff, who had been employed there for 7½ years as a maintenance engineer. Plaintiff was found to be eligible for unemployment benefits by a claims adjudicator in February 1988. His former employer appealed the decision.

At a hearing in March 1988, plaintiff's former supervisor, Delores Bader, testified by telephone that she gave plaintiff several verbal and

written notices warning plaintiff of his failure to perform certain aspects of his work properly and that she put him on 90 days' probation in September 1987. The Youth Center provides programs for 1,000 children. Although only two of the written warnings are included in the record on appeal, Bader testified that her complaints against plaintiff included that the second- and third-floor rooms were not properly done, that a workman's equipment was not secured, that a rusty vent valve caused a radiator to leak, and that there were dirty windows, windowsills and carpeting in several of the rooms. Bader's report also stated that plaintiff had failed to note in his log certain repairs that were needed and failed to order supplies when needed. Bader sent plaintiff a termination notice on January 20, 1988. This notice commented that plaintiff's performance had improved during the first 20 days of probation, but deteriorated during October and November.

Plaintiff testified in person that he did not recall receiving a warning in September 1987 nor did he remember any other verbal warnings, except one final warning regarding bubble gum found on the floor. Plaintiff testified that he had called Bader's supervisor to complain of her treatment of him. Plaintiff testified that the building was under rehabilitation and that is "why stuff was on the carpet," and that he was doing his job. He also said the radiator leaked because a sump pump got backed up.

Bader countered that plaintiff's performance had deteriorated over the last 1½ years and that she had no personal animosity toward plaintiff.

Both the referee and the Board of Review of the Illinois Department of Employment Security held that the Youth Center discharged plaintiff for "misconduct connected with his work," in violation of section 602(A) of the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 432(A)). The referee and the Board found that the plaintiff's job performance began to deteriorate a year and a half prior to his discharge and that plaintiff had been given warnings that resulted in his probation. It was further found that plaintiff was discharged after he failed to improve and continued to disregard the safety and sanitary requirements of the Youth Center. The circuit court reversed the Board of Review.

■ Under section 602(A) of the Unemployment Insurance Act, a former employee is ineligible for benefits if he has been discharged for "misconduct connected with his work." Plaintiff contends that his inadequate performance did not amount to "misconduct." When a court considers a matter on administrative review, a court may not

resolve conflicts in testimony, reweigh the evidence, or determine the credibility of witnesses. (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260, 262-63, 296 N.E.2d 721.) On administrative review a court should determine whether the findings of the agency are contrary to the weight of the evidence. (*Walthall v. Department of Labor* (1986), 146 Ill. App. 3d 701, 703, 497 N.E.2d 782.) That the court might have reached a different conclusion, or that an opposite conclusion might be reasonable, is not sufficient to set aside the agency's decision. *O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 456 N.E.2d 998.

■ The Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 300 *et seq.*) provides insurance benefits to alleviate the economic hardship occasioned by involuntary unemployment. However, the employee claimant bears the burden of establishing his entitlement to benefits under the Act. (*Clark v. Board of Review* (1984), 126 Ill. App. 3d 559, 467 N.E.2d 950.) If a person is discharged because of his own misdeeds, the Act does not provide benefits. *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 494 N.E.2d 1266.

Prior to January 1, 1988, *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879, had defined "misconduct" under the Act as

> "conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or *in carelessness or negligence* of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." (Emphasis added.) 105 Ill. 2d at 511-12.

Thus, either wilful or wanton conduct or carelessness or negligence could constitute "misconduct" under the prior Act.

The present definition of "misconduct" was added to section 602(A) of the Unemployment Insurance Act (Ill. Rev. Stat. 1987, ch. 48, par. 432(A)) effective January 1, 1988, prior to the trial of this case. The Act states:

> "For the purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit in-

struction from the employing unit." Ill. Rev. Stat. 1987, ch. 48, par. 432(A).

There is no reference to "carelessness or negligence" in the new definition of misconduct. "Deliberate and wilful" misconduct is required in order to render a person ineligible for benefits.

■ The legislature left out of the new definition of "misconduct" any mention of carelessness or negligence of any degree. This indicated that the legislature intended that persons discharged for incapacity, inadvertence, negligence or inability to perform assigned tasks should receive unemployment benefits.

■ Neither the referee nor the Board of Review made a finding that the plaintiff deliberately and wilfully violated the instructions of his employer. The referee's decision in this case was as follows:

"In the instant appeal, there was direct conflict in the testimony between the parties as to whether the claimant was following correct procedures of which he was aware. The Referee finds the employer to be the most credible. It appears that the claimant disregarded the employer's requirements as to safety and sanitation. His conduct was in disregard of rules of which he was aware and constituted misconduct. The claimant is subject to disqualification under Section 602(A) of the Act."

Merely not "following correct procedures" or disregarding "the employer's requirements as to safety and sanitation" does not suffice to comply with the new Act. Even if we deem the conclusion or findings of the referee as sufficient to comply with the new Act, the evidence presented had to be sufficient to meet the manifest weight of the evidence standard. Although plaintiff's behavior in performing his duties may have been in violation of his superior's orders, it did not constitute a deliberate and wilful violation of a rule or policy. The Board of Review's decision was against the manifest weight of the evidence. A reviewing court will look at all the evidence in support, as well as against, a challenged finding. *Gee v. Board of Review* (1985), 136 Ill. App. 3d 889, 483 N.E.2d 1025.

Affirmed.

FREEMAN, P.J., and RIZZI, J., concur.