GLORIA A. BANDEMER, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—0441

Opinion filed September 24, 1990.

Schultz & Winick, of Chicago (Barry A. Schultz, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The circuit court of Cook County affirmed an administrative order by defendant, the Board of Review of the Illinois Department of Employment Security (Board), denying plaintiff's right to unemployment benefits because of her work-related misconduct. (Ill. Rev. Stat. 1989, ch. 48, par. 432(A).) On appeal plaintiff argues that the circuit court erred in affirming the administrative order because her actions did not constitute misconduct.

Plaintiff, Gloria Bandemer, was employed from April 5, 1976, to April 3, 1989, as a sales manager for Stella's, a lingerie and sportswear

store in Chicago. Bandemer had been given the keys and was responsible for opening the store at 9:30 a.m. on April 3, 1989.

Plaintiff claimed that she felt sick and attempted to call Mr. Michael, the store manager, at his home about 9:15 a.m. on that date. She testified that she placed a second call to the store about 11 a.m. that day, but that the line was busy. Plaintiff testified that after these two attempts to reach Mr. Michael, she fell asleep.

About 4:30 p.m. that day Mr. Michael called plaintiff at her home. Plaintiff testified that she told Mr. Michael that she had a sore throat, was feeling ill and that she had attempted to contact him at home and at the store. Mr. Michael testified, however, that plaintiff told him that she had a hangover and a headache that day. Mr. Michael told plaintiff not to return to the store.

Plaintiff filed a claim for unemployment benefits which was denied by the claims adjudicator on May 11, 1989. The adjudicator determined that plaintiff was ineligible for unemployment benefits because she left work voluntarily without good cause attributable to Stella's. Plaintiff appealed this decision.

A hearing was held on June 29, 1989, and both the plaintiff and Mr. Michael appeared. The referee determined that plaintiff's separation was due to discharge and not voluntary leaving. Because plaintiff had not received proper notice of the discharge issue the referee postponed the hearing until August 7, 1989.

At the second hearing plaintiff appeared in person and Mr. Michael requested permission to testify by telephone, but the referee was unable to reach him. The referee then conducted the hearing with only the plaintiff present and determined that plaintiff's absence from the employer and her failure to contact the employer on April 3, 1989, were misconduct related to work. The referee found that plaintiff had the responsibility to open the store for business at 9:30 a.m. and that the employer had a right to expect to be notified by plaintiff if she would be absent from work. The Board adopted these conclusions, and the circuit court confirmed that decision.

Plaintiff argues that there was insufficient evidence in the record to establish that her conduct constituted misconduct pursuant to the statute. Specifically, plaintiff argues that not all five statutory elements were established by the employer.

■■ "Misconduct" is defined by the statute as:

"[T]he deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the

individual despite a warning or other explicit instruction from the employing unit." (Ill. Rev. Stat. 1989, ch. 48, par. 432(A).) Further, standards of behavior which an employer has a right to expect constitute a reasonable company rule or order governing conduct and performance of an employee that directly concerns the employment. *Jackson v. Board of Review of the Department of Labor* (1985), 105 Ill. 2d 501, 475 N.E.2d 879.

■■ In the instant case, the facts show that plaintiff was discharged for failing to contact her employer and for refusing to carry out her responsibility to open the store on April 3, 1989. When asked whether the employer had a rule requiring employees to call into work when sick, plaintiff responded, "you normally do." Further, plaintiff testified that she attempted to call the employer twice and did not deny that she had a duty to call. It could be properly inferred from these facts that the employer had a reasonable policy requiring an employee to call when the employee was sick. Moreover, rules regarding absences from work without notifying the employer are reasonably related to employment and satisfy an element of misconduct. *Medvid v. Department of Employment Security* (1989), 186 Ill. App. 3d 747, 542 N.E.2d 852.

■■ Plaintiff testified that she attempted to contact the employer on two occasions, at 9:15 a.m. and 11 a.m. on the date of the incident. Plaintiff made no further attempts to reach the employer to inform him that she was sick and would be absent from work. This conduct was deliberate and willful. Although the plaintiff attempted to notify the employer of her absence, she failed to reach him.

■■ Because of plaintiff's absence, the employer was unable to open the store at 9:30 a.m. on April 3, 1989. Potential customers were therefore unable to shop at the employer resulting in financial loss to it. The threat of future financial loss caused by the conduct of an employee is harmful to an employer. See, *e.g.*, *Winklmeier v. Board of Review of the Department of Labor* (1983), 115 Ill. App. 3d 154, 450 N.E.2d 353.

■■ Here, the evidence is clear that plaintiff's failure to contact the employer regarding her absence and to carry out her responsibilities of opening the store fulfilled each of the statutory elements and constituted misconduct. Therefore, the circuit court did not err in affirming the order of the Board denying unemployment benefits to plaintiff.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.