PRISCILLA WASHINGTON, Plaintiff-Appellee, v. BOARD OF REVIEW, The Department of Employment Security, *et al.*, Defendants-Appellants (St. Bernard Hospital, Defendant).

First District (4th Division)   No. 1—90—1255

Opinion filed March 21, 1991.

664

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellants.

Karyn Glass, Jeffrey B. Gilbert, and Joan Matlack, all of Legal Assistance Foundation of Chicago, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Priscilla Washington was discharged from employment with defendant St. Bernard Hospital (the Hospital) because she fell asleep for approximately 30 minutes at a Hospital executive meeting. After termination of her employment, plaintiff applied for benefits under the Unemployment Insurance Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 300 *et seq.*). The Board of Review of the Illinois Department of Employment Security (the Board) found plaintiff ineligible for benefits on the ground that the behavior leading to her discharge amounted to misconduct that disqualified her for benefits under the Act. Ill. Rev. Stat. 1989, ch. 48, par. 432(A).

Plaintiff filed an action for administrative review of the Board's decision in the circuit court of Cook County. Based upon its review of the record, the trial court concluded that plaintiff's falling asleep did not amount to misconduct under the Act. We agree with the trial court's determination. Accordingly, we affirm.

The facts of record are as follows. Plaintiff was employed as an administrative secretary at St. Bernard Hospital for seven weeks before she was discharged on September 16, 1988. A few days before her employment was terminated, plaintiff and another secretary were assigned to attend, take notes of, and tape record a meeting of the Hospital's medical executive committee. Plaintiff's counterpart was given primary responsibility for operating the tape recorder, taking notes, and typing minutes of the meeting. Plaintiff was to provide support in these activities and to assist the other secretary in composing the meeting minutes.

After the meeting began, plaintiff was directed to obtain the cassette recording of the committee's prior meeting. Plaintiff left the meeting room to get the cassette. According to plaintiff, she took an aspirin while she was outside the meeting room, because she was suffering from a headache. Plaintiff then retrieved the cassette, returned to the meeting room, and sat down at the front table. As she was listening to the meeting, she rested her bent elbow on the table and leaned her head against her hand. Shortly thereafter, she dozed off. According to a vice-president for the Hospital who attended the meeting, plaintiff remained asleep during the meeting, for approximately 30 minutes, until plaintiff awoke after the meeting had ended.

A few days after the incident, plaintiff was informed that her employment was immediately terminated, because her behavior during the meeting violated Hospital policy that prohibited sleeping during work

hours. When confronted with this information, plaintiff did not explain that she had fallen asleep because she had had a headache during the meeting, nor did plaintiff explain that she had taken an aspirin for the headache.

Following her discharge, plaintiff applied for unemployment benefits. The Hospital contested her eligibility, arguing that plaintiff's employment had been terminated because she had violated the Hospital's employment policy that prohibited sleeping on the job. The claims adjudicator found plaintiff ineligible for unemployment benefits, and plaintiff appealed to the Department of Employment Security. Following a hearing, the referee concluded that plaintiff was disqualified from receiving unemployment benefits because her behavior amounted to misconduct under the Act. Specifically, the referee found that plaintiff's "sleeping on the job" was a "violation of Company policy" and "was within [plaintiff's] control to avoid." The Board affirmed the referee's decision, reasoning that "[w]hile falling asleep for a few seconds might be beyond one's control, falling asleep for 30 minutes *** was a willful disregard of the employer's interests and deprived the employer of the claimant's services for that time."

Plaintiff then filed an action for administrative review of the Board's decision. Following its review of the record, the trial court determined that plaintiff's conduct did not constitute misconduct that would disqualify her from receiving unemployment benefits. In light of this determination, the trial court reversed the Board's decision. The Board appeals from the trial court's ruling.

■ On appeal, the Board contends that its decision was supported by the evidence of record. The Board argues that the evidence demonstrates that plaintiff's behavior was a willful and deliberate disregard of her employer's rules. Our function upon review is limited to a consideration of whether the Board's findings are against the manifest weight of the evidence (see *Zbiegien v. Department of Labor* (1987), 156 Ill. App. 3d 395, 510 N.E.2d 422), and the Board's ruling is properly reversed if it is not supported by the evidence of record. *London v. Department of Employment Security* (1988), 177 Ill. App. 3d 276, 532 N.E.2d 294.

■ The Unemployment Insurance Act is intended to alleviate the harsh effects of involuntary unemployment (Ill. Rev. Stat. 1989, ch. 48, par. 300), and its terms are to be liberally construed to serve this goal. (*Bellan v. Department of Employment Security* (1987), 164 Ill. App. 3d 495, 520 N.E.2d 653.) It is the claimant's burden to prove his eligibility for such benefits. (*Siler v. Department of Employment Security* (1989), 192 Ill. App. 3d 971, 549 N.E.2d 760.) The Act provides that an individual is ineligible for benefits if he was discharged for misconduct con-

nected with his work. (Ill. Rev. Stat. 1989, ch. 48, par. 432(A).) However, an employer's ground for discharge is not necessarily "misconduct" under the Act. (*Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879.) At the time plaintiff was discharged and applied for unemployment benefits, the Act defined "misconduct" as follows:

> "For purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit." Ill. Rev. Stat. 1989, ch. 48, par. 432(A).

■ This definition of misconduct does not include carelessness or negligence, and reflects a legislative intent that persons should receive unemployment benefits although they were discharged for incapacity, inadvertence, negligence or inability to perform assigned tasks. *Siler v. Department of Employment Security* (1989), 192 Ill. App. 3d 971, 549 N.E.2d 760.

■ In the instant cause, the Board determined that plaintiff's actions amounted to misconduct under the Act. Specifically, the Board reasoned that "falling asleep for a few seconds might be beyond one's control," but that "falling asleep for 30 minutes \*\*\* was a willful disregard of the employer's interests." We are unable to agree with this reasoning. In our view, the proper inquiry is not simply the period of time for which plaintiff was asleep, but whether, under all the circumstances, the plaintiff's actions were deliberate and willful. See *London v. Department of Employment Security* (1988), 177 Ill. App. 3d 276, 532 N.E.2d 294.

■ Based upon this standard, we cannot conclude that the evidence demonstrates that plaintiff's actions were a deliberate and willful violation of the Hospital's policy that prohibited sleeping on the job. The record shows that plaintiff had never had a poor work performance review, and that she had never before fallen asleep during working hours. She testified without contradiction at the referee's hearing that she had fallen asleep because she had taken an aspirin for a headache. There are no surrounding circumstances to indicate that plaintiff purposely "took a nap" during the session. In light of these considerations, we conclude that plaintiff's behavior did not amount to misconduct that would disqualify her from eligibility for unemployment benefits.

■ The Board argues that plaintiff's testimony regarding her headache and the taking of an aspirin should be discredited because

plaintiff did not disclose these explanations when she was terminated. The Board also claims that plaintiff failed to sustain her burden of proof regarding the causal connection between taking an aspirin and falling asleep, because plaintiff presented no medical evidence to establish that ingestion of an aspirin will cause a person to fall asleep. However, the record indicates that the referee never found plaintiff's explanations discreditable or improbable. In addition, the Board's decision did not specifically reject plaintiff's explanations regarding the reasons for her falling asleep. Consequently, we find the Board's arguments on appeal insufficient ground to affirm the Board's determination that plaintiff was ineligible for benefits because her falling asleep constituted misconduct under the Act.

■ The cases cited by the Board do not conflict with our conclusion that the evidence does not demonstrate that plaintiff's falling asleep was willful and deliberate. In each of the decisions upon which the Board relies, the evidence of record demonstrated that the claimant purposely "took a nap" on company time. The instant cause does not reveal such circumstances. See *Schwartz v. Unemployment Compensation Board of Review* (1959), 188 Pa. Super. 558, 149 A.2d 182; *Coleman v. Unemployment Compensation Board of Review* (1958), 186 Pa. Super. 54, 140 A.2d 356; *Johnson v. Commonwealth of Pennsylvania* (1980), 54 Pa. Commw. 220, 420 A.2d 794; *Unemployment Compensation Board of Review v. Simone* (1976), 24 Pa. Commw. 248, 355 A.2d 614.

The Illinois decisions relied upon by the Board in the case at bar are also factually distinguishable. In *Bandemer v. Department of Employment Security* (1990), 204 Ill. App. 3d 192, 562 N.E.2d 6, *Wilson v. Department of Employment Security* (1990), 196 Ill. App. 3d 711, 554 N.E.2d 1006, and *Bochenek v. Department of Employment Security* (1988), 169 Ill. App. 3d 507, 525 N.E.2d 893, the employees were aware of a company rule, but made little effort to comply with their employers' requirements. The courts determined that the employees' actions were willful and deliberate. In the instant cause, there is no evidence to demonstrate that plaintiff realized that she was falling asleep during the meeting and that plaintiff made no effort to refrain from falling asleep. Rather, the plaintiff here accidentally fell asleep during the Hospital's meeting for approximately 30 minutes. The cases cited by the Board do not support its argument that the plaintiff's conduct was willful and deliberate.

The Board also argues that the standard of "misconduct" to be applied in the case at bar should be the definition stated in *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879, rather than

the definition given in the Act (Ill. Rev. Stat. 1989, ch. 48, par. 432(A)). *Jackson* defined "misconduct" as follows:

" 'conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.' " *Jackson*, 105 Ill. 2d at 511-12, quoting *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 259-60, 296 N.W. 636.

We decline the Board's invitation to utilize the *Jackson* standard in the instant cause with respect to whether plaintiff's actions were "misconduct" that disqualified her eligibility for unemployment benefits. The definition of misconduct as stated in the Act came into effect on January 1, 1988, and was applicable to a determination of plaintiff's application for unemployment benefits relating to her discharge in September 1988. (See Ill. Rev. Stat. 1989, ch. 48, par. 432(A).) In addition, a comparison of the definitions stated in *Jackson* and in the Act indicates that the two might not be completely synonymous. Although *Jackson* might appear to include gross negligence within the definition of "misconduct," the Act limits misconduct to those acts that are intentional. The case cited by the Board applied reasoning from *Jackson* with respect to whether an employer's required standard of employee behavior was reasonable, and does not support the Board's claim that the definition of misconduct as stated in *Jackson*, rather than the definition found in the Act, is controlling in the instant cause. See *Bandemer v. Department of Employment Security* (1990), 204 Ill. App. 3d 192, 562 N.E.2d 6.

Based upon these considerations, we conclude that plaintiff's act of falling asleep did not amount to misconduct under the Act. In light of this disposition, we need not and do not address the parties' arguments regarding whether plaintiff's conduct harmed her employer.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.