FIFTH DIVISION
NOVEMBER 30, 2007

1-06-3058

| | | |
|---|---|---|
| MARLENE ODIE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | No. 06 L 50251 |
| SECURITY, DIRECTOR OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY;  BOARD OF REVIEW; | ) | |
| and WILLIAM L. DAWSON NURSING CENTER, | ) | Honorable |
| | ) | Sheldon Gardner, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE TULLY delivered the opinion of this court:

Plaintiff Marlene Odie appeals from an order of the circuit court of Cook County affirming the denial of her claim for benefits under the Illinois Unemployment Insurance Act (Act) (820 ILCS 405/602(A) (West 2004)) by the Board of Review (Board).  The Board found that she was ineligible for benefits based on misconduct in connection with her work.  On appeal, plaintiff contends that she did not intentionally commit the act for which she was terminated, and, thus, she was unjustly denied unemployment benefits.

The record shows that at the time of plaintiff's discharge, she had been employed as a certified nursing assistant at the William Dawson Nursing Center (Dawson), a residence primarily for individuals who require skilled nursing care, for over 17 years.  On July 23, 2005,[1] plaintiff was assigned to monitor approximately 25 residents in Dawson's dayroom and to provide assistance as necessary, which required that she be awake and alert.  That day, without reporting to anyone that she was doing so, plaintiff took extra-strength Tylenol, which she believed cause drowsiness, for a toothache.  Plaintiff then fell asleep for about 10 to 20 minutes between 4 and 5 p.m.

---

[1] The record also refers to July 24, 2005, as the day of the subject incident.

While plaintiff was asleep, a resident began shouting for help. A visitor who shook plaintiff to wake her stated that plaintiff responded, "yeah she do that all the time," said something about being there too long, then went back to sleep. Plaintiff acknowledged telling the visitor that the resident yelled all the time, but indicated that she then went over to assist the resident. Following the incident, plaintiff told administrator Pamela Orr that she had fallen asleep due to taking the medication.

Plaintiff knew that sleeping on the job was a violation of company policy and constituted grounds for termination. Although plaintiff had not been previously warned about sleeping while on duty, she acknowledged knowing that her job was in jeopardy due to previous written warnings for tardiness, negligence, failure to follow procedures, and a suspension for providing poor nursing care.

Following an investigation conducted by Orr, which included speaking to visitors and staff members who were on duty at the time of the incident, plaintiff was discharged on July 27, 2005, for misconduct, *i.e.*, sleeping while on duty and her discourteous response to the family member who tried to wake her. Plaintiff filed a grievance with her union, which upheld the discharge.

Plaintiff then filed a claim for unemployment insurance. An Illinois Department of Employment Security (IDES) claims adjudicator denied plaintiff's claim for unemployment insurance pursuant to section 602(A) of the Act, finding that the reason for which plaintiff was discharged, *i.e.*, sleeping on the job while a resident was shouting for assistance, was within her control to avoid, and she was thus discharged for misconduct connected with her work. Plaintiff filed an application for reconsideration of the claim adjudicator's decision.

On November 28, 2005, an IDES referee conducted a telephone hearing on the matter. After hearing testimony from plaintiff and Orr, the referee affirmed the adjudicator's decision. The referee found that plaintiff's action of falling asleep on the job after taking Tylenol, while she

was supposed to be monitoring the safety of the residents and was awakened by visitors, without telling her employer that she was taking medication, and while having prior on-the-job warnings and knowing her job was in jeopardy, exhibited a deliberate and wilful disregard of the employer's interests. The referee then concluded that plaintiff was discharged for misconduct connected with her work, as she had failed to offer competent evidence to explain her actions, and was ineligible for unemployment benefits.

The Board subsequently affirmed the referee's decision, finding that it was supported by the record and the law. The Board further incorporated the referee's decision as part of its own decision.

On March 23, 2006, plaintiff filed a complaint for administrative review. In support of her complaint, she filed, through counsel, a memorandum alleging that the decisions of the IDES referee and the Board were against the manifest weight of the evidence. She specifically alleged that pursuant to Wrobel v. Department of Employment Security, 344 Ill. App. 3d 533 (2003), and Washington v. Board of Review, 211 Ill. App. 3d 663 (1991), falling asleep while on duty does not constitute deliberate and wilful misconduct rendering her ineligible for unemployment insurance. The circuit court affirmed the decision of the Board.

On appeal, plaintiff contends that the sole question before this court is whether she engaged in deliberate and wilful misconduct by falling asleep while on duty. She maintains that pursuant to Wrobel and Washington, her actions were unintentional and, therefore, did not constitute misconduct under section 602(A) of the Act justifying the denial of unemployment benefits.

When considering a decision under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2004)), we review the agency's determination, and not that of the circuit court. Ford Motor Co. v. Motor Vehicle Review Board, 338 Ill. App. 3d 880, 891 (2003). The administrative

agency's findings of fact are deemed *prima facie* true and correct. City of Belvidere v. Illinois State Labor Relations Board, 181 Ill. 2d 191, 205 (1998). Where, as here, the issue involves an examination of the legal effect of a given set of facts, a mixed question of law and fact is involved, and the agency's determination should be affirmed unless it is found to be clearly erroneous. AFM Messenger Service, Inc. v. Department of Employment Security, 198 Ill. 2d 380, 391 (2001). This standard is met only where upon review of the entire record, the reviewing court is "'left with the definite and firm conviction that a mistake has been committed.'[Citation.]" AFM Messenger Services, Inc., 198 Ill. 2d at 395.

Individuals who are discharged for misconduct are ineligible to receive unemployment benefits under the Act. 820 ILCS 405/602(A) (West 2004); Manning v. Department of Employment Security, 365 Ill. App. 3d 553, 557 (2006). Misconduct is established where it is shown that: (1) a deliberate and wilful violation of a work rule or policy occurs; (2) the employer's rule or policy is reasonable; and (3) the violation either harms the employer or was repeated by the employee despite previous warnings. 820 ILCS 405/602(A) (West 2004); Manning, 365 Ill. App. 3d at 557. Wilful misconduct stems from an employee being aware of, and consciously disregarding, a company rule. Livingston v. Department of Employment Security, No. 1-06-2298, slip op. at 11 (July 27, 2007).

We note, initially, that plaintiff does not contest the establishment of the reasonableness of the employer's rule or policy, nor the harm caused to the employer by the violation. She solely contends that no evidence was presented to establish that she committed a wilful and deliberate act by falling asleep while on duty. For the reasons that follow, we find that the contrary decision of the Board was not clearly erroneous and that the cases upon which plaintiff relies, Washington and Wrobel, are distinguishable from the case at bar.

In Washington, an administrative secretary was assigned to provide support to her counterpart during an executive committee meeting, during which she stepped out of the room and took an aspirin for a headache. Upon her return, she fell asleep for 30 minutes. Plaintiff was immediately fired pursuant to her employer's policy against sleeping during work hours. Washington, 211 Ill. App. 3d at 665.

This court upheld the circuit court's determination that plaintiff's behavior did not constitute misconduct that would disqualify her from receiving unemployment benefits. In doing so, we specifically found that plaintiff's actions failed to show a deliberate and wilful violation of her employer's policy against sleeping on the job as plaintiff had never had a poor work performance review or fallen asleep during working hours, and she testified that she had fallen asleep because she had taken an aspirin for a headache, which explanation the Board never discredited, and there were no surrounding circumstances indicating that she purposely took a nap. Washington, 211 Ill. App. 3d at 667-68.

Here, unlike Washington, plaintiff was aware that her job was in jeopardy due to several prior work infractions, and the referee and Board clearly discredited her explanation that she involuntarily fell asleep because she had taken Tylenol. Moreover, the surrounding circumstances indicated that plaintiff purposely took a nap, as her response to the visitor who woke her regarding the screaming resident was "she do that all the time," rather than alarm or embarrassment. Moreover, unlike the administrative assistant in Washington, plaintiff's responsibilities here, *i.e.*, monitoring 20 to 30 nursing home residents who required skilled nursing care, demanded that she be awake and alert, and her failure to ensure that she remained in such a state constituted misconduct under the Act. See Granite City Steel Division of National Steel Corp. v. Board of Review of the Department of Labor, 68 Ill. App. 3d 264, 270 (1979) ("misconduct" occurs where an employee breaches safety rules and endangers human life).

We also find that Wrobel, where this court reaffirmed Washington's holding that "misconduct" was limited to intentional acts, is distinguishable from the case at bar. In Wrobel, this court found that plaintiff acted unconsciously when he overslept because his alarm clock did not sound due to a power failure, as nothing in the record suggested that plaintiff chose to sleep in, and, thus, his act of calling in "late" to work did not constitute misconduct under the Act. Wrobel, 344 Ill. App. 3d at 528.

In contrast to Wrobel, plaintiff here testified that she believed drowsiness was a side effect of taking Tylenol, yet she voluntarily took it during her shift without providing anyone with notice that she was going to do so. Thus, plaintiff's acts cannot be excused as unintentional, as they were in Wrobel. Accordingly, we conclude that the Board's decision to deny her claim for benefits under section 602(A) of the Act was not clearly erroneous.

In so finding, we note that plaintiff has waived several arguments, *i.e.*, that the referee applied an outdated definition of misconduct and that the referee's/Board's decision included findings and misstatements of the record that were irrelevant to the issue of whether plaintiff's conduct was wilful and deliberate, by raising them for the first time on appeal. Arguments not presented at an administrative hearing or in the complaint for administrative review are waived on review. Sieron & Associates, Inc. v. Department of Insurance, 368 Ill. App. 3d 181, 189 (2006); North Avenue Properties, L.L.C. v. Zoning Board of Appeals of the City of Chicago, 312 Ill. App. 3d 182, 187 (2000).

Accordingly, we affirm the order of the circuit court of Cook County.

Affirmed.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.