Filed 8/22/08          NO. 4-07-0854

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| LAURA PEREZ, | ) | Appeal from |
|       Plaintiff-Appellant, | ) | Circuit Court of |
|         v. | ) | Vermilion County |
| THE ILLINOIS DEPARTMENT OF CHILDREN | ) | No. 06MR161 |
| AND FAMILY SERVICES; and ERWIN McEWEN, | ) | |
| Director of the Illinois Department | ) | Honorable |
| of Children and Family Services, | ) | Joseph P. Skowronski, |
|       Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

Plaintiff, Laura Perez, appeals the Vermilion County circuit court's September 2007 order, which denied her motion for summary judgment; granted the summary-judgment motion filed by defendants, the Illinois Department of Children and Family Services (DCFS) and its Director, Erwin McEwen; and affirmed DCFS's dismissal of plaintiff's appeal from an indicated finding of abuse or neglect.  We reverse the circuit court's affirmation of DCFS's dismissal of plaintiff's appeal and remand with directions.

I. BACKGROUND

At some point, DCFS indicated plaintiff for (1) tying/close confinement, (2) sexual penetration, (3) sexual molestation, and (4) substantial risk of sexual injury.

According to docket sheets, on June 28, 2004, the State charged plaintiff with one count of predatory criminal sexual

assault of a child (720 ILCS 5/12-14.1(a) (West 1998)) for her actions between January 1, 1999, and January 1, 2001. People v. Perez, No. 04-CF-394 (Cir. Ct. Vermilion Co.) (hereinafter case No. 394). A juvenile case was also brought against plaintiff, which was dismissed on October 21, 2004.

In a September 24, 2004, letter, plaintiff stated her desire to appeal DCFS's decision to indicate her. On October 20, 2004, a DCFS administrative law judge (ALJ) stayed plaintiff's administrative appeal due to the criminal charge.

On April 19, 2005, the State made a motion to nol-pros the criminal charge against plaintiff. Plaintiff objected, and the trial court granted the State's motion and canceled plaintiff's bond. The court's nolle prosequi order stated it was subject to being recommenced. Eight days later, a bond-refund check was mailed to plaintiff. The last entry on the docket sheets for case No. 394 is a September 23, 2005, motion to continue, which plaintiff's counsel asserted was an error.

In an August 11, 2006, letter to DCFS, plaintiff's counsel noted the dismissal of the criminal charge and requested a hearing on plaintiff's appeal or the removal of the indicated report. On October 13, 2006, the ALJ entered an order, dismissing plaintiff's appeal from her indicated report. The order stated, "[plaintiff]'s notification of the resolution of circuit court proceedings was received more than 45 days after that

decision and is untimely."

On November 13, 2006, plaintiff filed a two-count complaint against defendants. The first count was brought under the Administrative Review Law (735 ILCS 5/3-101 through 3-113 (West 2006)) and sought review of DCFS's dismissal of her appeal. That count was filed within 35 days of the dismissal order, and thus was timely. See 735 ILCS 5/3-103 (West 2006). The second count was for mandamus and sought a judgment, directing DCFS to conduct a hearing on her appeal. In January 2007, the circuit court granted defendants' motion to dismiss count II.

In March 2007, plaintiff filed a summary-judgment motion, asserting the 45-day deadline did not apply to her because the circuit court in her criminal case did not make a final judicial determination in her favor. That same month, defendants filed a brief in support of the administrative decision and requested the brief be considered a cross-motion for summary judgment.

In May 2007, DCFS filed a motion to substitute McEwen, the acting director of DCFS in place of Brian Samuels, the former director. The circuit court granted the motion without objection.

In June 2007, the circuit court held a hearing on the summary-judgment motions. In August 2007, the court wrote a letter opinion, finding DCFS's decision was not clearly errone-

ous.  Thus, the court granted defendants' motion for summary judgment and denied plaintiff's.  On September 13, 2007, the court entered a written order consistent with the opinion letter.

On October 9, 2007, plaintiff filed a timely appeal from the circuit court's September 13, 2007, order.

## II. ANALYSIS

Plaintiff argues the circuit court erred in its interpretation of section 336.110(a)(1)(A) of Title 89 of the Illinois Administrative Code (89 Ill. Adm. Code §336.110(a)(1)(A), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002)).  We note the only remaining count addressed in the summary-judgment order was brought under the Administrative Review Law, and thus we review the agency's determination, not the circuit court's (Odie v. Department of Employment Security, 377 Ill. App. 3d 710, 713, 881 N.E.2d 358, 360 (2007)).  The interpretation of an administrative regulation presents a question of law, and thus we review the matter de novo.  People v. Wilhelm, 346 Ill. App. 3d 206, 208, 803 N.E.2d 1032, 1034 (2004).

Courts construe administrative rules and regulations under the same principles that govern the construction of statutes.  Thus, our primary objective is to ascertain and give effect to the drafters' intent.  We begin by examining the regulation's language since it is the best indication of the drafters' intent.  Wilhelm, 346 Ill. App. 3d at 208, 803 N.E.2d

- 4 -

at 1034.  In doing so, we give the language its plain and ordinary meaning (<u>Wilhelm</u>, 346 Ill. App. 3d at 208, 803 N.E.2d at 1034) and read the regulatory scheme as a whole, "so that no part of it is rendered meaningless or superfluous" (<u>People v. Jones</u>, 214 Ill. 2d 187, 193, 824 N.E.2d 239, 242 (2005)).  When the regulation's language is clear and unambiguous, our only function is to apply the regulation as written.  <u>Wilhelm</u>, 346 Ill. App. 3d at 208, 803 N.E.2d at 1034.  Here, both parties assert the language is clear and unambiguous.

Section 336.110 of Title 89 of the Illinois Administrative Code provides, in pertinent part, the following:

"a) The Chief [ALJ] shall:

1) Upon notification from [DCFS]'s representative that a criminal or juvenile court action is pending based on the same facts as the administrative expungement appeal, issue a stay of the appeal process for all appellants named as defendants or respondents until a final judicial decision has been made. The time period, from the filing of the criminal charges or the juvenile petition, shall not be considered a delay on the part of [DCFS] in issuing and imple-

menting its final administrative decision.

A) If the circuit court makes a final decision favorable to the appellant, the appellant shall notify the [a]dministrative [h]earings [u]nit in writing that a final order has been entered in the criminal or juvenile case and the [a]dministrative [h]earings [u]nit shall schedule a hearing on the appeal.  The appellant shall notify the [a]dministrative [h]earings [u]nit within 45 days after any such decision.  If the appellant fails to notify the [a]dministrative [h]earings [u]nit of these findings of fact within 45 days, the appellant shall not be entitled to a hearing under this [p]art.

B) If the circuit court makes a finding that the alleged perpetrator abused or neglected a child,

the Chief [ALJ] or an [ALJ] shall enter an order upholding each indicated finding based on the same facts as the court finding of abuse or neglect and the alleged perpetrator shall not be entitled to a hearing on those indicated findings. If, after entering such an order, there are no remaining indicated findings of abuse or neglect, the Chief [ALJ] or an [ALJ] shall dismiss the appeal.

C) The [a]dministrative [h]earings [u]nit may schedule status hearings to determine the status of any appeal stayed because of circuit court action." 89 Ill. Adm. Code §336.110(a), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002)).

At issue in this case is the meaning of both the language "final decision" and "favorable to appellant" contained in section 336.110(a)(1)(A). We will first address the "final decision" language and note section 336.110(a)(1) contains

similar language, _i.e._, "final judicial decision." 89 Ill. Adm. Code §336.110(a)(1), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002)).

We begin our analysis by looking to the plain meaning of "final" and "decision." Our supreme court has defined "final" as "last; conclusive; pertaining to the end." _Saylor v. Duel_, 236 Ill. 429, 432, 86 N.E. 119, 121 (1908). "'Decision' means the act of deciding or settling a dispute or question by giving a judgment; the act of making up one's mind; a judgment or conclusion reached or given; a determination." _Hankenson v. Board of Education of Waukegan Township High School District No. 119, Lake County_, 10 Ill. App. 2d 79, 94, 134 N.E.2d 356, 363 (1956), _rev'd on other grounds_, 10 Ill. 2d 560, 141 N.E.2d 5 (1957). Thus, the issue is whether the language refers to the last determination in the pending criminal or juvenile cases filed or the last determination resolving the criminal or juvenile matter forever.

Defendants contend the plain language of a "final decision" indicates a ruling that renders the filed case no longer pending or, in other words, terminates it. Defendants argue their interpretation makes common sense, since once a final decision ends the pendency of the current litigation, a stay of the appeal in the DCFS proceedings is no longer needed. Plaintiff contends that interpretation ignores the "these findings of fact" language in the last sentence of section 336.110(a)(1)(A)

of Title 89 of the Illinois Administrative Code (89 Ill. Adm. Code §336.110(a)(1)(A), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002)), which would indicate a final resolution of the criminal or juvenile matter. Defendants respond, inter alia, that "these findings of fact" refer to (1) "a final decision" and (2) "favorable to appellant."

Defendants' assertion is flawed because "a final decision" and "favorable to appellant" are not findings of fact. "Findings of fact are determinations from the evidence of a case, either by a court or administrative agency, concerning facts averred by one party and denied by another." Resolution Trust Corp. v. Hardisty, 269 Ill. App. 3d 613, 618, 646 N.E.2d 628, 632 (1995). Moreover, we note DCFS used the "these findings of fact" language in referring to what notification it must receive when it could have simply repeated the "final order" notification language it used in the first sentence of section 336.110(a)(1)(A). Thus, that language must have been included for a reason. We point out section 336.110(a)(1)(B) also refers to a "finding." 89 Ill. Adm. Code §336.110(a)(1)(B), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002).

In interpreting a provision, a court "must construe the statute so that each word, clause, and sentence is given a reasonable meaning and not rendered superfluous, avoiding an interpretation that would render any portion of the statute

- 9 -

meaningless or void." Cassens Transport Co. v. Illinois Industrial Comm'n, 218 Ill. 2d 519, 524, 844 N.E.2d 414, 421 (2006). Defendants' interpretation of the statute is unreasonable as it renders the "findings of fact" language superfluous.

Defendants further contend that, if a final order must have involved findings of fact, then criminal or juvenile cases in which no findings of fact were made are not addressed in section 336.110(a)(1) of Title 89 of the Illinois Administrative Code (89 Ill. Adm. Code §336.110(a)(1)(A), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002)). They contend such a result is absurd.

As stated earlier, in interpreting the regulation, we must construe the regulatory scheme as a whole. Jones, 214 Ill. 2d at 193, 824 N.E.2d at 242. Accordingly, the final decision language in section 336.110(a)(1) must have the same meaning throughout the provision. Thus, if a decision is final when findings of fact have been made, the stay is not lifted under section 336.110(a)(1) for cases in which the cause was terminated without findings of fact. We recognize that result is problematic.

With section 336.110 of Title 89 of the Illinois Administrative Code, a reasonable interpretation cannot be rendered that would recognize all of the language in the section and not produce an absurd result. The language used by DCFS in

the regulation appears to be an oversight by the agency of termination of cases without an adjudication on the merits. DCFS addresses the impact of a decision in a criminal or juvenile case on the DCFS appeal in only two situations, where the court made a finding of abuse or neglect and when the court rendered "a final decision favorable to the appellant." See 89 Ill. Adm. Code §§336.110(a)(1)(A), (a)(1)(B), as amended by 26 Ill. Reg. 4175 (eff. March 8, 2002). DCFS could have made a bifurcation, addressing (1) findings of abuse or neglect and (2) then all other resolutions. Instead, it chose to specify two situations, leaving some situations not addressed by the regulation.

Here, the appropriate resolution is for the agency to address the oversight and amend the regulation, rather than try to compensate for the oversight with a strained and unreasonable interpretation. Since section 336.110(a)(1) fails to address dismissals without an adjudication on the merits, DCFS's finding the 45-day provision contained in section 336.110(a)(1)(A) applied to plaintiff was clearly erroneous. See <u>City of Belvidere v. Illinois State Labor Relations Board</u>, 181 Ill. 2d 191, 205, 692 N.E.2d 295, 302 (1998) (reviewing a mixed question of fact and law under the clearly erroneous standard of review). Accordingly, we reverse the agency's dismissal of plaintiff's appeal and remand for further proceedings consistent with this order.

## III. CONCLUSION

For the reasons stated, we reverse both the circuit court's affirmation of DCFS's dismissal of plaintiff's appeal and DCFS's dismissal and remand the cause to DCFS for further proceedings.

Reversed and remanded with directions.

MYERSCOUGH and STEIGMANN, JJ., concur.